ADOLPHE FOLLAIN and another v. LOUIS ROSEMOND ORILLION.

In the absence of any express agreement, a payment must be imputed to the debt which the debtor had, at the time, most interest in discharging, of those that are equally due ; otherwise, to the debt which is due, though less burthensome than those not yet payable. C. C., 2159, 2162.

APPEAL from the District Court of Iberville, *Nicholls*, J.

*R. N.* and *A. N. Ogden*, for the plaintiffs.

*Labauve*, for the appellant.

SIMON, J. This is an action on a promissory note, alleged to have been executed on the 1st of June, 1842, and made payable on the 31st of March, 1843, to the order of the plaintiffs, for the sum of $3000, with interest thereon at the rate of ten per cent per annum, from its date, until paid.

The defence sets up that the note sued on has been extinguished and paid with effects and funds of the defendant, by him furnished, provided and forwarded to the plaintiffs. That in

Follain and another v. Orillion.

order to meet the payment of said note, he forwarded to said plaintiffs, from the 1st of September, 1842, to 1st of April, 1843, two hundred and seventy-seven bales of cotton, which they sold, and received the proceeds thereof. That said cotton produced a nett amount of $5886 01, which was placed to and remained at defendant's credit in said plaintiffs' hands, and that, by imputation of payment, the note sued on was extinguished when it became due.

There was a judgment below in favor of the plaintiffs for $2231 53, from which, after an unsuccessful attempt to obtain a new trial, the defendant has appealed.

The evidence shows, that plaintiffs have, for some time, been in the habit of selling the defendant's cotton, and from eight accounts of sales produced by said defendant, and proven by the plaintiffs' clerks to be correct, it appears that, from the 19th of September, 1842, to the 28th of March, 1843, the sales amounted to a very large amount. The witnesses say that the balances of account, whether due in notes, acceptances, or endorsements, were always in favor of the plaintiffs, and that a certain account, marked A., which shows the balance due the plaintiffs, on the settlement of accounts, on the 31st of January, 1843, is just and correct; and that said balance, as specified in that document, conforms to the books, and is a correct extract therefrom.

It is further shown, that the last sale of cotton, amounting to $1594 97, the account whereof is dated 28th of March, 1843, is carried, in the account marked A, to the credit of the defendant, whilst he is debited, in said account, with the balance by him due on the 31st of January, 1843, with several small sums paid to him, and with the amount of the note sued on, and interest until maturity; and that the balance due thereon, including a balance of interest calculated upon the different items, amounts to $2231 53. Now, from the testimony of the witnesses, who stated that the account A is just and correct, it appears that the seven previous sales of cotton, the last of which is dated 16th January, 1843, had been received by, or accounted for to the defendant, leaving yet a balance against him of $333 21, due on the said 31st of January, and inserted as the

first item of the said account A, in which the plaintiffs account for the amount of the last sale by applying a part thereof to the payment of the note sued on. The defendant has not called for the production of the vouchers showing the manner in which the proceeds of the sales of his cotton had been disposed of; he has only attempted to establish the amount of said sales, by witnesses well acquainted with the transactions, but who have shown also, that the account marked A being *just and correct*, he owed the plaintiffs, on the 31st of January, 1843, a balance subject to be satisfied out of the next sale. It seems, therefore, that the only sale of cotton for which the plaintiffs are now bound to account, is the one dated 28th of March, 1843, and the amount of this sale, shown also to be correct, has been allowed below, in deduction of the plaintiffs' claim, in the account A, in which the note sued on is included.

It is true that, according to the rules established in the Civil Code (arts. 2159 to 2162), the imputation of payments should be made to the debt which the debtor had, *at the time*, most interest in discharging, *of those that are equally due ;* but the note sued on was not due at the time the proceeds of the sales of cotton came to the hands of the plaintiffs. It only became due in April, 1843 ; and as it is proven, in substance, by the witnesses, that all such proceeds, except those of the last sale, were absorbed before the maturity of the note sued on, and that, therefore, no imputation could be made to its satisfaction, it is clear that the defence, set up in this case, cannot avail the defendant, except as to the proceeds of the last sale, which were in the plaintiffs' hands on the 3d of April, 1843.

We think the judgment appealed from is correct, except with regard to a balance of interest at the rate of ten per cent, included in the account A, and which was allowed below without any legal proof. The interest is calculated on every item of the account, and even upon the interest of the note, and cannot be added to the amount really due to the plaintiffs on the note sued on. We find, therefore, that, after imputing the sum of $461 21, to the several sums due to the plaintiffs, on their account current, before the maturity of said note, there remained in their hands, on the 3d of April, 1843, from the proceeds of

the last sale of cotton, a balance of $1133 76, subject to be imputed to the payment of the note, interest, and cost of protest, at the time of its maturity; and that the defendant owed them, at that time, a balance of $2125 07, for which the plaintiffs are entitled to judgment.

It is, therefore, ordered and decreed, that the judgment of the District Court be so amended that, instead of the amount therein specified, the plaintiffs recover of the defendant, the sum of two thousand one hundred and twenty-five dollars and seven cents, with ten per cent interest, per annum, thereon, from the 3d of April, 1843, until paid, and the costs in the lower court; those in this court to be borne by the plaintiffs and appellees.